IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MICHELLE LYNN GILL, §
 §
       Petitioner, §
 §
v. § 2:13-CV-191
 §
WILLIAM STEPHENS, §
Director, Texas Dep't of Criminal Justice, §
Correctional Institutions Division, §
 §
       Respondent. §

**REPORT AND RECOMMENDATION TO**
**DENY PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner MICHELLE LYNN GILL has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging her conviction out of the 251st District Court of Randall County, Texas for aggravated assault with a deadly weapon and the resulting fourteen-year sentence. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
BACKGROUND

It appears as though petitioner was placed on three years deferred adjudication probation in 2008 for aggravated assault with a deadly weapon. At that time, the court also imposed a fine of $1000.00, which petitioner says she paid. Petitioner's deferred adjudication was revoked in March 2011, and it appears petitioner is currently incarcerated on the conviction.

Petitioner appealed revocation of the deferred adjudication probation, challenging the trial court's assessment of attorney's fees against her. *Gill v. State*, No. 07-11-182-CR, 2011 WL 5206565 (Tex. App.—Amarillo Nov. 2, 2011, no pet.). The appellate court granted petitioner relief, modified the judgment in regards to the attorney's fees, and affirmed the modified judgment. Neither party petitioned the Texas Court of Criminal Appeals for discretionary review.

Petitioner then filed a state application for habeas corpus relief, "rais[ing] several claims challenging her conviction and sentence and a claim alleging that the trial court failed to credit her for all the time she spent incarcerated before sentencing." *Ex Parte Gill*, No. WR-72437-02, 2013 WL 831583 (Tex. Crim. App. 2013). The Court of Criminal Appeals, in a short written opinion, held as follows:

> This Court has reviewed the writ record and holds that Applicant's claims challenging her conviction and sentence lack merit. These claims are therefore denied. Applicant's claim regarding the trial court's award of pre-sentence jail-time credit is not properly before this Court. This claim is therefore dismissed.

*Id.* at *1 (internal citations omitted). The instant federal petition for habeas corpus followed.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends respondent is holding her in violation of the Constitution and laws of the United States for the following reasons:

1. The court lacked jurisdiction to impose a $1000.00 fine on petitioner as part of her punishment upon her plea of guilty.

2. Petitioner is actually innocent of violating the conditions of her supervised release.

3. The state court violated petitioner's rights under the Double Jeopardy Clause.

4. Petitioner received ineffective assistance of counsel.

III.
THE PETITION IS TIME BARRED

*A. The Statute of Limitations in Federal Habeas Corpus Proceedings*

A habeas corpus petitioner must establish the conviction he or she challenges in federal habeas corpus has been final for no longer than one year. 28 U.S.C. § 2244(d)(1). While there are four different ways to measure the one-year time period, based upon different triggering events, this case falls within the realm of the most common statute of limitations calculations where computation of the one-year federal habeas corpus deadline begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" 28 U.S.C. § 2244(d)(1)(A). A state conviction becomes final under this provision when there is no more "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009).

In a case where the petitioner pleads guilty and does not directly appeal the judgment, the conviction is final for federal habeas corpus purposes thirty days after the defendant is sentenced. *Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2012). When the petitioner *does* appeal the conviction to the intermediate state appellate court but does not petition for discretionary review following the appellate court's opinion, the conviction is final for federal habeas corpus purposes thirty days after the appellate court's opinion. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (holding state-court conviction became final, and statute of limitations for federal habeas relief began to run, upon expiration of thirty-day period for filing petition for discretionary review under Texas law); Tex. R. App. P. 68.2.

### B. The Timeline in Petitioner Gill's Case

In this case, because petitioner Gill appears to have been placed on deferred adjudication probation, which was later revoked, she has two separate limitations dates—one starting when she was first placed on deferred adjudication community supervision and the other starting when the deferred adjudication was revoked. *See Caldwell v. Dretke*, 429 F.3d 521, 526–27 (5th Cir. 2005). Petitioner Gill indicates "on September 22, 2008, petitioner entered into a plea agreement with the State for three (3) years deferred adjudication." ("Memorandum of Law in Support," doc. 4, pg. 1 (Sept. 30, 2013)). Without any appeal of the deferred adjudication, the judgment on deferred adjudication became final thirty days after its entry, which was October 22, 2008. *See* Tex. R. App. P. 26.2(a)(1). Petitioner Gill had until October 22, 2009, to raise any federal habeas corpus complaints regarding problems arising from the deferred adjudication proceedings. *See* 28 U.S.C. § 2244(d)(1); *Rodriguez*, 664 F.3d at 954. Having failed to do so, any challenges based on error in the deferred adjudication plea process are time barred. *See* 28 U.S.C. § 2244(d)(1)(A).

It appears as though petitioner's deferred adjudication probation was revoked March 20, 2011. Petitioner appealed the judgment. Upon affirmation of the reformed judgment on appeal, petitioner did not file a petition for discretionary review. Consequently, petitioner's conviction upon revocation of the deferred adjudication became final on December 2, 2011, which was thirty days after the appellate court's opinion. *See Roberts*, 319 F.3d at 693; Tex. R. App. P. 68.2. Barring tolling, any federal habeas corpus petition was due December 2, 2012. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's state habeas corpus application, however, filed October 29, 2012, stopped the federal statute of limitations from running. At the time petitioner filed her state application, she had thirty-three days remaining on her deadline for a federal habeas corpus petition.

The federal statute was tolled during the time petitioner's state habeas corpus application was pending, but it started back up once the state court ruled on the application. *See* 28 U.S.C. § 2244(d)(2). Having only thirty-three days left on her deadline, petitioner's federal habeas corpus petition was due April 8, 2013 (thirty-three days after the Court of Criminal Appeals' disposition of petitioner's state habeas corpus application). Petitioner did not, however, file the instant petition until September 22, 2013. Consequently, any challenges to actions or inactions occurring during the deferred adjudication revocation proceedings are time barred.

In sum, any federal challenge to errors occurring as a result of the deferred adjudication probation was due October 22, 2009. Any such challenge to errors occurring as a result of the revocation was due April 8, 2013. Petitioner did not file her federal habeas corpus petition, however, until September 22, 2013, which was *after* all deadlines had already expired. Given the chance, in the form habeas corpus petition, to explain why the Court should reach the merits of petitioner's contentions despite the petition's tardiness, petitioner simply, and inaccurately, stated "Petitioner [sic] Federal habeas is timely presented." (Habeas Corpus Petition, doc. 3, pg. 9 (Sept. 30, 2009)). Petitioner has presented nothing indicating a provision other than section 2244(d)(1)(A) is applicable to her case, nor does equitable tolling appear to be warranted. *See* 28 U.S.C. § 2244; *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Therefore, petitioner's claims are barred by the one-year AEDPA limitations period. *See* 28 U.S.C. § 2244(d).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MICHELLE LYNN GILL be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of October, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).